IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUSTIN CREDICO,

          Plaintiff,

    v.

OIG FRANK ADAMO, UNKNOWN PHILA
FOOD SERVICE STAFF, and FDC OFFICER
JAMESON,

          Defendants.

CIVIL ACTION

NO. 17-195

**MEMORANDUM OPINION**

**Schmehl, J.  /s/ JLS**                                                                   **March 13, 2018**

## I.  INTRODUCTION

On January 11, 2017, Plaintiff filed a Complaint against Frank Adamo, Jameson, and Unknown FDC Phila Food Service Staff. Thereafter, on February 6, 2017, Plaintiff filed a motion for leave to proceed *in forma pauperis*, which was granted by this Court on February 16, 2017. On April 28, 2017, the Court gave Plaintiff permission to file an amended complaint, adding the United States as a defendant. Plaintiff alleges that on one occasion, he ate moldy bread while an inmate at FDC-Philadelphia and experienced diarrhea and stomach pain. Plaintiff alleges that "Jameson" is the supervisory agent to the food service staff, and that Frank Adamo is employed by a "separate agency (OIG)."[1] (Compl., p. 2, ¶¶ 2.4.) Plaintiff sues Adamo and Jameson in their individual capacities.

On June 30, 2017, Defendants filed a Motion to Dismiss the Complaint and Amended Complaint, and for Summary Judgment, to which Plaintiff responded. For the

---

[1] Defendants assume that Plaintiff is intending to name the Associate Warden of Operations who supervises the Food Service Administrator at FDC-Philadelphia, Jamal Jamison.

reasons that follow, I will grant Defendants' Motion for Summary Judgment on the issue of failure to exhaust administrative remedies.

## II.     STANDARD OF REVIEW

When deciding a motion to dismiss, the court typically only considers "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America,* 361 F.3d 217, 222 (3d Cir. 2004). If a court considers other matters, a motion to dismiss should be converted to a motion for summary judgment. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1197 (3d Cir. 1993). If a motion to dismiss is converted to a motion for summary judgment, Plaintiff must be given notice and an opportunity to oppose the motion. *See Hancock Industries v. Schaeffer*, 811 F.2d 225, 229 (3d Cir. 1987).

In the instant matter, Defendants filed a motion entitled "Motion to Dismiss the Complaint and Amended Complaint, and for Summary Judgment." I will consider this a motion for summary judgment, as Defendants labeled it as such, and have relied on evidence attached to the motion that is outside of the Complaint and Amended Complaint. Further, I find Plaintiff was on notice of the fact that Defendants were moving for summary judgment, and he had the opportunity to respond, which he did. *See Gambino v. Federal Correctional Institution-McKean*, 2017 WL 1190498, *2 (W.D. Pa. March 31, 2017.)

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. Proc. 56(c).  "A motion for summary judgment will not be defeated by 'the mere existence' of

some disputed facts, but will be denied when there is a genuine issue of material fact." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." *Pignataro v. Port Auth. of N.Y. and N.J.*, 593 F.3d 265, 268 (3d Cir. 2010) (*citing Reliance Ins. Co. v. Moessner*, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

III.    **STATEMENT OF FACTS**

Plaintiff, Justin Credico, was detained at FDC-Philadelphia at the time of the events set forth in his complaint, (Compl., ¶ 1) and is presently detained at FDC-Allenwood. (*See* Docket No. 26.) Defendant, Frank Adamo, is employed by a "separate agency (OIG)," and Jamal Jamison (misspelled Jameson in Plantiff's pleadings) is employed by FDC-Philadelphia. (*Id.*, ¶¶ 2, 4.) Jamison is the "supervisory agent to the food service staff, and is in charge of overseeing the work production of federal food service staff members." (*Id.*, ¶ 6.)

Plaintiff worked as a food orderly tasked with handing inmates their food, and was given moldy, rotten out of date bread and fruits to hand to the inmates. (Compl., ¶¶ 1, 2.) Plaintiff showed Jamison the rotten food and was told to serve the out of date bread. (*Id.*, ¶¶ 6, 8.) Food service staff told Plaintiff that the bread was "eatable." (Am. Compl., ¶ 3.) Plaintiff ate the out of date bread, got sick and had diarrhea, (Compl, ¶¶ 6, 8) although the bread "did not appear to be moldy or bad at the time." (Am. Compl., ¶ 8.) Plaintiff was told that the bread retailer had explained that the bread could be served for up to two weeks after the "date-time" stamped on the bread. (Am. Compl., ¶ 8.)

Adamo told Plaintiff not to send emails to the "outside OIG agency" email address designated for prison rape issues, and on January 6, 2017, Adamo told Plaintiff that if he sent one more message regarding "inmate 8th amendment situations" to the OIG email address designated for prison rape issues, he would be "given disciplinary prosecution." (Compl., ¶¶ 10-12, 3.)

On September 27, 2016, Plaintiff completed an Informal Resolution Attempt in which he complained that "food service sent up expired bread and now he is sick." (Docket No. 18, Ex. A.) On September 29, 2016, Plaintiff submitted a Request for Administrative Remedy, wherein he complains of stomach pain and diarrhea, but fails to name any prison staff member specifically. (*Id.*, Ex. B.) On October 17, 2016, Warden Sean Marler responded in writing, stating that the bread is inspected prior to being accepted for consumption, and has a shelf life of up to ten days beyond the date stamp. (*Id.*, Ex. C.) Thereafter, Plaintiff submitted a Regional Administrative Remedy Appeal dated November 6, 2016. (*Id.*, Ex. D.) In this appeal, Plaintiff refers to "FS employee Johnson," but does not identify any other prison employee and does not mention any

injury. (Docket No. 18, Ex. D.) Regional Director Caravajal responded on December 6, 2016, stating that the Warden had adequately addressed Plaintiff's complaint, and confirming that bread and fruit is delivered twice a week, is inspected before it is served to ensure freshness, and that staff rotates breads and fruits according to policy. (*Id*., Ex. E.) This response also states that any appeal of Plaintiff from the response must be received in the Administrative Remedy Section within thirty calendar days of the date of the response, or on or before January 5, 2017. (*Id.*) Plaintiff's Central Office Administrative Remedy Appeal was received on January 6, 2017. (*Id.*, Ex. F.) In it, Plaintiff refers to "the Warden" and "AW," stating that they saw "moldy-rotten fruit," but names only Director Caravajal, and seems to dispute Caravajal's response to his Regional Administrative Remedy Appeal. (*Id.*)

IV.     **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Defendants argue that Plaintiff's Complaint and Amended Complaint should be dismissed for failure to comply with the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), which states, "No action shall be brought with respect to prison conditions under section 1983 . . .by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." The Bureau of Prisons has established an administrative remedy procedure through which a federal prisoner may challenge any aspect of his imprisonment that provides three levels of appeal (institutional, regional, and national) to an inmate who has not been able to resolve him complaint informally. 28 C.F.R. §§ 542.1-542.19 (1997). The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. *Nyhuis v. Reno*. 204 F.3d 65, 73 (3d Cir. 2000). The

PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. *Gambino*, 2017 WL 1190498 at *4, *citing Woodford v. Ngo*, 548 U.S. 81, 87-91 (2006). The exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." *Woodford*, 548 U.S. at 83.

In the instant matter, Plaintiff has failed to exhaust his administrative remedies, as discussed below. First, Plaintiff's appeal to the central office was received on January 6, 2017, one day after his thirty day appeal period expired. As directed in Caravajal's response to Plaintiff's Regional Administrative Remedy Appeal (Ex. F), Plaintiff's appeal to the central office was required to be received no later than 30 calendar days from the date of Director Caravajal's response, or by January 5, 2017. Under 28 C.F.R. § 542.18, an appeal is considered filed "on the date it is logged into the Administrative Remedy Index as received." A review of Exhibit F shows that Plaintiff's appeal was logged into the Index on January 6, 2017, and was therefore late. This untimely administrative appeal does not satisfy the mandatory exhaustion requirement of the PLRA. *See Woodford*, at 83-84. Plaintiff's appeal was late, and thus he has failed to exhaust his administrative remedies.

Plaintiff argues that it took an unreasonably long period of time for his appeal to be received in the central office, but fails to indicate when he submitted the appeal and fails to present any facts relating to his diligence in submitting it. In addition, Plaintiff argues that late appeals may be considered upon showing of a valid reason for the delay pursuant to 28 C.F.R. §542.15(a). This section states: "When the inmate demonstrates a valid reason for delay, these time limits may be extended." I find that this section does

not apply to the instant set of facts, as Plaintiff offered no reason for the delay in the receipt of his appeal. Accordingly, Plaintiff's appeal is untimely and there is no genuine issue of material fact that he has failed to exhaustive administrative remedies. Therefore, his claims must be dismissed.

Further, even if Plaintiff's final appeal would be considered timely filed, this action must still be dismissed. Once a final appeal is filed, the General Counsel is given 40 calendar days to respond, and the lack of a response within that time may be considered a denial. 28 C.F.R. § 542.18. Plaintiff filed the instant matter on January 11, 2017, a mere five days after his final appeal was filed, allowing the central office far fewer than 40 calendar days to respond. Accordingly, this matter would be premature, as Plaintiff has failed to exhaust his administrative remedies by filing this action before the time allowed for a response to his appeal.[2]

## V.     CONCLUSION

Accordingly, Defendants' Motion for Summary Judgment is granted and this matter is dismissed with prejudice.[3]

.

---

[2] After Defendants filed their motion, Plaintiff filed a "Motion for Leave to File Motion for Summary Judgment out of Time, or Alternatively, for Enlargement of Tim to File Cross-Summary" (Docket No. 21.) Defendants argue that Plaintiff failed to exhaust his administrative remedies, as set forth in exhibits attached to their statement of facts. I chose to consider these documents and therefore converted the motion to a motion for summary judgment, finding that there was no genuine issue of material fact that Plaintiff failed to exhaust his administrative remedies. No motion by Plaintiff or further briefing on this exhaustion issue is necessary. Plaintiff responded to Defendants' exhaustion argument in his opposition to Defendants' motion, and failed to raise any issue of disputed material fact. Therefore, Plaintiff's Motion for Leave to File is denied.

[3] As Plaintiff's failure to exhaust his administrative remedies disposes of this matter, it is unnecessary for me to reach the merits of any of the other arguments presented by Defendants in their Motion to Dismiss and for Summary Judgment.